[Crim. No. 3529. Second Dist., Div. One. Feb. 17, 1942.]

THE PEOPLE, Respondent, v. ALEXANDER SMITH, Appellant.

Morris Lavine for Appellant.

Earl Warren, Attorney General, and R. S. McLaughlin, Deputy Attorney General, for Respondent.

DORAN, J.—Appellant was found guilty by a jury of two counts of violating section 288 of the Penal Code and appeals from the judgment that followed.

The alleged victim was a girl of the age of eight years. The sole contention on appeal is, in the words of appellant, that the girl's story is "so highly improbable as to be unbelievable" and hence is insufficient as a matter of law to support the judgment.

Defendant, who, it appears from the record, had been injured, had not completely recovered and according to one of the arguments relied on was "sick and crippled." The record reveals that appellant was a neighbor of the victim and on the day in question met her in a nearby store where he bought her some ice cream. According to the child, they walked down the road and eventually stopped in a ravine where the alleged acts took place.

It is appellant's contention that the story is untrue principally because the distance over a country road was too far and too difficult to have been traveled by a man in a "sick and crippled" condition; that is, according to appellant's argument, 2½ miles in 1½ hours. Appellant arrives at these figures by a process of calculation, the details of which need not be recited. It is sufficient to note that it does not appear from the record that the little girl made more than an estimate of time.

The defendant testified at the trial and the jury, which had the advantages incident to its opportunity, heard and

saw all of the witnesses. That its verdict must prevail in the absence of prejudicial error, is too well settled to require citation of authority. There are no such errors in the record. Moreover, from an unprejudiced standpoint, the record refutes appellant's contention that the testimony of the prosecutrix is "so inherently improbable as to amount to no evidence of guilt whatsoever."

The judgment is affirmed.

York, P. J., and White, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 19, 1942.